UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-21857-KMW

CURT LAKE and EAN SIMS,

    Plaintiffs,

v.

WORLDWIDE TRANSPORTATION
SERVICES, INC., a Florida Corporation, and
ALI MALEK, individually

    Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC. ("**Worldwide**") and ALI MALEK ("**Malek**") (collectively, "**Defendants**") pursuant to Fla. R. Civ. P. 1.140, hereby file their Answer and Affirmative Defenses to the Complaint ("**Complaint**") filed by Plaintiffs, CURT LAKE ("**Lake**") and EAN SIMS ("**Sims**") (collectively, "**Plaintiffs**"), alleging follows:

### INTRODUCTION

1.     Admitted for jurisdictional purposes only.

### JURISDICTION

2.     Defendants admit Plaintiffs have invoked the jurisdiction in this Court, but deny Plaintiffs are entitled to any relief.

### THE PARTIES

3.     Without knowledge; therefore, denied.

4.     Without knowledge; therefore, denied.

5. Defendants admit Worldwide is a for-profit corporation formed and existing under the laws of the State of Florida, but deny the remainder of this paragraph.

6. Defendants admit that Malek is an individual resident of the State of Florida and owned and operated Worldwide, but deny the remainder of this paragraph.

7. Denied.

8. Admitted.

9. This allegation calls for a legal conclusion; therefore, denied.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted that Plaintiffs worked as limousine drivers for Worldwide; denied that Plaintiffs were employees or that Malek was an employer within the meaning of the FLSA.

14. Admitted.

15. This allegation calls for a legal conclusion; therefore, denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Admitted that Worldwide paid Plaintiffs on a "per job" basis; denied that Malek paid Plaintiffs.

21. Admitted.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 So. Biscayne Blvd., Suite 2700, Miami, FL 33131  305.379.9000

24. Denied that Plaintiffs were entitled to overtime, and therefore, no overtime was paid to Plaintiffs.

25. Admitted that Defendants have documentation regarding the work performed by Plaintiffs and their compensation, but denied that they are the only party with such documentation.

26. Denied.

27. Without knowledge; therefore, denied.

28. Denied.

29. Denied.

30. Denied that Lake was entitled to overtime, and therefore, no overtime was paid to Lake.

31. Denied.

32. Denied.

33. Denied.

34. Without knowledge; therefore, denied.

35. Denied.

36. Denied.

37. Denied that Sims was entitled to overtime, and therefore, no overtime was paid to Sims.

38. Denied.

39. Denied.

40. Defendants are without knowledge as to the allegations of this paragraph, and therefore deny the same.

## COUNT I – FLSA OVERTIME WAGE VIOLATION

41. Defendants incorporate by reference their responses to paragraphs 1 through 40 above as if fully set forth herein.

42. Denied.

43. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As for their First Affirmative Defense, Defendants state that Plaintiffs' claims for overtime wages for any period more than two (2) years prior to the filing of Plaintiffs' Complaint are barred by the two (2) year statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 255, because Defendants' violations, even if proven, were not willful.

### SECOND AFFIRMATIVE DEFENSE

As for their Second Affirmative Defense, Defendants assert that Plaintiffs' claims are barred under the FLSA because Plaintiffs performed services as independent contractors for Worldwide, and Worldwide paid Plaintiffs as independent contractors for the services each individual performed. Thus, Plaintiffs were not "employees" as that term is defined under the FLSA.

### THIRD AFFIRMATIVE DEFENSE

As for their Third Affirmative Defense, Defendants state that Plaintiffs cannot establish that Defendants' actions were willful or showed reckless disregard for the provisions of the FLSA.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 So. Biscayne Blvd., Suite 2700, Miami, FL 33131   305.379.9000

### FOURTH AFFIRMATIVE DEFENSE

As for their Fourth Affirmative Defense, Defendants state that Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

As for their Fifth Affirmative Defense, Defendants invoke the defenses, protections and limitations of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

As for their Sixth Affirmative Defense, Defendants state that Plaintiffs have failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

As for their Seventh Affirmative Defense, Defendants assert that Plaintiffs' claims are waived, time-barred, or they are otherwise estopped from asserting their claims. Therefore, Plaintiffs' claims are barred by the doctrines of waiver, estoppel, or laches.

### EIGHTH AFFIRMATIVE DEFENSE

As for their Eighth Affirmative Defense, Defendants state that Plaintiffs are precluded from recovery based upon their own actions and omissions.

Defendants reserve the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs or persons Plaintiffs purport to represent or otherwise through discovery.

Respectfully submitted,

KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: /s/ Michael T. Landen
    Michael T. Landen
    Florida Bar No. 161144
    mlanden@klugerkaplan.com
    Jason R. Marks
    Fla Bar No. 144584
    jmarks@klugerkaplan.com
    Jorge R. Delgado
    Florida Bar No. 84118
    jdelgado@klugerkaplan.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

NEIL D. KODSI, ESQUIRE
Florida Bar No. 0011255
Email: nkodsi@ndkodsilaw.com
GUSTAVO A. BRAVO, ESQUIRE
Florida Bar No. 0551287
THE LAW OFFICES OF NEIL D. KODSI
Two South University Drive, Suite 315
Plantation, FL 33324
Telephone: (786) 464-0841
Facsimile: 954-760-4305

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 So. Biscayne Blvd., Suite 2700, Miami, FL 33131   305.379.9000